**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:10CR387-02** |
| | ) | |
| | ) | **JUDGE SARA LIOI** |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| **BRIDGET McCAFFERTY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

In support of its request to introduce out-of-court statements of James Dimora and Steve Pumper through testimony and recorded conversations (Doc. No. 214, pp.3-7), the government has made a proffer to demonstrate that the admission is permissible under Rule 801(d)(2)(E) as statements by co-conspirators. The government states that it intends to offer evidence that Pumper, Dimora, the defendant, and others, known and unknown, conspired to defraud Letter Perfect, the plaintiff in a lawsuit before the defendant in which Pumper's company, DAS, was a defendant, of money and property in violation of 18 U.S.C. § 1349 (mail fraud conspiracy statute). The government also insists that the actions of the co-conspirators violated Ohio Rev. Code §§ 2913.02 (theft by deception) and 2913.05 (telecommunications fraud).

Specifically, according to the government's proffer, it represents that it shall offer evidence demonstrating that Pumper asked Dimora to use his influence over the defendant to achieve a favorable result in the Letter Perfect case. Toward this end, the government states that the evidence will show that the defendant told her bailiff to contact Pumper. After speaking with

the defendant, Pumper believed that the defendant would favor DAS in the litigation. The case settled for $175,000, an amount less than the prayer for relief requested by Letter Perfect. After the settlement, the defendant placed a call to Pumper wherein she told Pumper that she tried to settle the case for less than $175,000 for him, and that she hoped that he could live with the amount. The government also plans to offer evidence tending to show that the conspiracy involved the use of the U.S. mail and the telephone.

The Court finds that this proffer is sufficient to preliminarily establish the existence of a conspiracy to deprive others of money and property in violation of 18 U.S.C. § 1349, as well as violations of state law. According to the government's theory, the purpose of the conspiracy was to deprive Letter Perfect of money allegedly owed it in litigation with DAS. The defendant's actions, including contacting Pumper both during and after the DAS case settled, and her statement to Pumper that she intentionally and knowingly tried to settle the case for less money to benefit DAS (and, in turn, injure Letter Perfect), demonstrate the defendant's membership in the conspiracy by showing that she knowingly acted in a manner that was consistent with the aims of the conspiracy. Finally, the recorded statement between Dimora and Pumper, wherein the two men discussed a matter, presumably the DAS litigation, and Dimora notes that he "had a nice a nice talk with…Bridget," was made during the course of and in furtherance of the conspiracy inasmuch as the defendant's cooperation was a key component of the conspiracy. This showing satisfies Rule 801(d)(2)(E). *See United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979) (In order to invoke the coconspirator exception to the hearsay rule, the government must show by a preponderance of the evidence (1) that a conspiracy existed, (2) that the defendant against whom the statement is offered was a member of the conspiracy, and (3) that the statement was made during the course of and in furtherance of the conspiracy).

The defendant's suggestion that the proffer fails because the government has not pointed to any evidence that the defendant was aware of any bribes paid by Pumper to Dimora is without merit. The conspiracy, in question, does not involve the attempt to deprive another of "honest services," but rather involves the plan or scheme to deprive another, Letter Perfect, of property or money in violation of 18 U.S.C. § 1349. As such, *Skilling v. United States*, 130 S. Ct. 2986 (2010), is inapposite. *See United States v. Jones*, 2011 U.S. App. LEXIS 2269 (6th Cir. Feb. 4, 2011) (noting that *Skilling* left intact non-honest services types of prosecutions for fraud, including "money or property" mail fraud).

**IT IS SO ORDERED**.

Dated: March 20, 2011

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**