**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) CASE NO. 1:10CR387-02 |
| | ) |
| | ) JUDGE SARA LIOI |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) OPINION AND ORDER |
| | ) |
| **BRIDGET McCAFFERTY,** | ) |
| | ) |
| **Defendant.** | ) |

On the first morning of trial and prior to commencement of jury selection, the defendant moved the Court for "a separation of witnesses" and also, specifically, to exclude the government's representative, S.A. Christine Oliver, from the courtroom during the testimony of S.A. Gregory D.L. Curtis. The government opposed the portion of the motion which sought to sequester its representative, S.A. Oliver, during the testimony of S.A. Curtis.

The Court sustained the defendant's motion except as it pertained to the sequestering of S.A. Oliver during the testimony of S.A. Curtis and indicated to counsel that it would provide legal support for its ruling, which is the purpose of this Opinion and Order.

Rule 615 of the Federal Rules of Criminal Procedure provides as follows:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) to be an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is

shown by a party essential to the presentation of the party's cause, or (4) a person authorized by statute to be present.

In *United States v. Pulley,* 922 F.2d 1283 (6th Cir.), the Sixth Circuit stated that "[i]t is undisputed that under subpart (2) of the second sentence of Rule 615, at least one investigating agent may be designated to remain in the courtroom as the government's representative notwithstanding that the agent will be a prosecution witness." *Id.* at 1285 (citation omitted). This statement is consistent with the Sixth Circuit's holding in *United States v. Martin,* 920 F.2d 393 (6th Cir. 1990), decided the previous year. In rejecting a defendant's argument that it was error for the trial court to permit an FBI agent to remain in the courtroom during the testimony of other government witnesses, the Sixth Circuit noted as follows:

> Even before the Federal Rules of Evidence were adopted, the law in this circuit was settled that the case agent may remain in the courtroom even when other witnesses were being sequestered. *United States v. Wells,* 437 F.2d 1144 (6th Cir.1971). Federal Rule of Evidence 615, which deals with the exclusion of witnesses, provides that the court may not exclude "an officer or employee of a party which is not a natural person designated as its representative by its attorney...." The comments to the rules have made clear from the beginning that case agents are intended to be included within this exception. Although we can conceive of a situation in which it would be within the discretion of the trial judge to require a non-sequestered witness to testify first, it is difficult to conceive of a situation in which the *failure* to do so would be reversible error. The case agent is the prosecutor's information source and even if the agent were excluded, the prosecutor would still have to reveal to him what other witnesses had said and done in order to map out strategy. This would defeat the whole purpose of sequestration. Also, the case agent is frequently not the most important or knowledgeable government witness and to require him to testify first may well make no sense at all.
>
> The trial court acted consistent with the mandate of Fed.R.Evid. 615 in refusing to order the sequestration of the case agent.

On the basis of the foregoing authority, the portion of the defendant's motion which seeks the exclusion of the government's representative, S.A. Oliver, during the testimony of other investigating agents is OVERRULED.

**IT IS SO ORDERED**.

Dated: March 20, 2011

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**