# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10CR387 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| BRIDGET M. McCAFFERTY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion in limine of Defendant Bridget McCafferty (McCafferty or the defendant) to exclude evidence that the defendant violated the Code of Judicial Conduct and the related testimony of the government's expert, Lori Brown, on the subject of the judicial canons. (Doc. No. 216.) The government has filed a response indicating that it will not seek to elicit testimony from Ms. Brown that the defendant violated the Ohio Code of Judicial Conduct. Instead, the government seeks to elicit testimony from Ms. Brown regarding certain standards contained in the Ohio Code of Judicial Conduct, as summarized in Attachment A to the government's response (Doc. No. 227). The motion has been fully briefed and is ripe for decision.[1]

---

[1] The Court previously announced its ruling on this issue on the record on the mornings of February 18 and 21, 2011, and indicated to counsel that it would be issuing this Opinion and Order, which sets forth the legal authority for the Court's ruling.

*Background*

The facts and history of this case have been set forth in previous Opinions and Orders, familiarity with which is presumed. For purposes of framing the present in limine motion, it is sufficient to state that the defendant is charged with violating 18 U.S.C. § 1001, by allegedly lying to an FBI agent during an investigatory interview.

On February 17, 2011, the government submitted a letter to defense counsel, pursuant to Fed. R. Crim. P. 16 and the Court's February 14, 2011 Opinion and Order, wherein it advised defense counsel of its intention to offer the testimony of its expert, Lori Brown, on the subject of the Code of Judicial Conduct and the Ohio Rules of Professional Conduct governing the conduct of Ohio's judges and attorneys in effect in 2008. (Doc. No. 227-1.) The government indicated that it intended to offer Ms. Brown's testimony "for the purpose of proving the defendant's motive for making the false statements charged in the Supplemental Indictment." (*Id*. at 1.)

The defendant has filed a motion in limine to preclude the government from offering this evidence at trial. In her motion, the defendant argues that evidence relating to any breach of the judicial code would be too far removed from the question of whether the defendant made false statements during the course of the FBI investigatory interview. The defendant also complains that introduction of this evidence would require a trial within a trial on the issue of whether the defendant violated the code, and would have the effect of confusing the issues and misleading the jury.

*Legal Standards*

**Motion in Limine Standard**

Although not explicitly authorized by the Federal Rules of Evidence or the Federal Rules of Civil Procedure, the practice of ruling on motions in limine "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Motions in limine allow the court to rule on evidentiary issues prior to trial in order to avoid delay and focus pertinent issues for the jury's consideration. *See United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

Courts should exclude evidence on a motion in limine only when it is clearly inadmissible. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). If the court is unable to determine whether or not certain evidence is clearly inadmissible, it should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context. *Id*. Ultimately, the determination whether to grant or deny a motion in limine is within the sound discretion of the trial court. *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 858 (W.D. Mich. 2008) (citing *United States v. Certain Lands Situated in the City of Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982)). In limine rulings are preliminary, and the district court may change its ruling at trial for any reason it deems appropriate. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

**Federal Rules of Evidence**

All relevant evidence is admissible and evidence that is not relevant is not admissible. Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The relevancy standard is liberal. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993). However, relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of the evidence." Fed. R. Evid. 403.

*Analysis*

**Brown's Testimony is Admissible to Show Motive**

The government contends that evidence regarding the judicial code is admissible for the purpose of establishing that the defendant had a motive to lie to the FBI. Specifically, the government plans to use this evidence to show that the defendant was concerned that if she was truthful with the FBI investigating agent, she would have exposed herself to possible disciplinary action under the judicial code.

Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause show, of the general nature of any such evidence it intends to introduce at trial.

4

Fed. R. Crim. P. 404(b). The Court employs a three-part test to review the admissibility of evidence under Rule 404(b):

> *First*, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. *Second*, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. *Third*, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Trujillo*, 376 F.3d 593, 605 (6th Cir. 2004) (quoting *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003) (emphasis in original)). *See United States v. Allen,* 619 F.3d 518, 523 (6th Cir. 2010); *United States v. Merriweather*, 78 F.3d 1070, 1074 (6th Cir. 1996).

At the outset, the Court notes that the government has indicated that its expert will not testify that the defendant has violated any portion of the judicial code. Rather, she is expected to testify to the standards contained within the code, that certain conduct violates the code, and is further expected to testify as to the disciplinary consequences of violating these code provisions.

Specifically, the government identifies three types of conduct that violate the code and are allegedly relevant to the present action: (1) a judge engaging in an ex parte communication with a party's representative about a case that was pending in the judge's court; (2) a judge favoring one party over another in the disposition or settlement of a case; and (3) a judge "continu[ing] a criminal trial of an incarcerated defendant to allow the defense attorney to assist someone for whom the judge received political support or promised special consideration to one side in a pending lawsuit at the request

5

of the person from whom the judge received political support." (*See* Doc. No. 227-1 at 2.) Ms. Brown is expected to testify regarding the relevant standards (Canons 1 through 4 of the Code of Judicial Conduct) that may be implicated by such conversations and/or conduct.

With respect to the first factor, the government has identified evidence which, if believed by the jury, would establish that the defendant engaged in an ex parte conversation with a party's representative when she contacted Steven Pumper to discuss the settlement of a case to which Mr. Pumper's company, DAS, was a party. (*See* Session 14940, May 2, 2008 phone conversation between Defendant McCafferty and Pumper.) Additionally, the phone conversation between the defendant and Frank Russo, wherein the defendant promised to give a case special consideration, could also be a conversation implicating the standards set forth in the judicial code of conduct. (*See* Session 3720, July 15, 2008 Phone Conversation between Russo and Defendant McCafferty.) Finally, the defendant's alleged conduct in continuing a criminal trial involving an incarcerated defendant in order to free up one of the attorneys on the case to assist Frank Russo in addressing an impending Cleveland Plain Dealer article on the hiring practices of Russo's office may also fall within the prohibitions of the judicial code. (*See* Session 2078, May 21, 2008 call from McCafferty to Russo.) Based upon the government's proffer and the evidence received during the testimony to date, the Court finds that there is sufficient evidence that these conversations took place.

As for the second factor, the Court must determine whether the evidence is offered for a legitimate purpose, and not "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).

> Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered.

*Jenkins*, 345 F.3d at 937 (quoting *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002)). *See United States v. Rayborn*, 495 F.3d 328, 342 (6th Cir. 2007).

The government represents that it intends to offer Ms. Brown's testimony to show that the defendant had a motive to lie to the investigating FBI agent. By identifying certain conduct that violates the judicial code, and then offering evidence that would tend to show that the defendant may have violated these code provisions, the government will argue that the defendant had motive to lie about her conduct to protect herself from possible disciplinary action. Motive is a legitimate purpose under Rule 404(b). And of course, the defendant's motivation as to why she would lie to the FBI agent is at issue in this trial. Further, this evidence is probative as to motive because it would explain why the defendant may have felt that she could not be truthful during the interview. The Court finds that the second factor is satisfied.

The final prong in the three-part test requires an analysis under Rule 403, which reads in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury […]." Fed. R. Evid. 403. "Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission." *Cooley v. Carmike Cinemas,* 25 F.3d 1325, 1330 (6th Cir. 1994). A district court has broad discretion in determining whether the danger of undue prejudice outweighs the probative value of evidence. *United States v. Vance*, 871 F.2d

572, 576 (6th Cir. 1989).

"An important indication of probative value of evidence is the prosecution's need for the evidence in proving its case." *Vance*, 871 F.2d at 577 (citing *United States v. Benton*, 637 F.2d 1052, 1057 (5th Cir. 1981)). In this case, the government has a strong need for the evidence, as it would explain why an upstanding citizen, who holds a prestigious and respected position, would have incentive to lie to a federal agent. Moreover, without such expert testimony, it is unlikely that lay jurors would appreciate or understand why certain conduct by a judicial officer, such as engaging in ex parte conversations with parties, would be improper and unethical. Thus, the Court finds that the evidence has significant probative value. *See, e.g., United States v. NHML, Inc.*, 2000 WL 420683, *8 (6th Cir. Apr. 12, 2000) (use of Medicare and Medicade regulations properly admitted to demonstrate the defendants' motive); *United States v. Harvard*, 103 F.3d 412, 422-23 (5th Cir. 1977) (use of civil banking regulations properly admitted to show that the defendant had a motive to make false entries to hide the nature of a sham loan).

As for unfair prejudice to the defendant, the Court notes that "[u]nfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993). Evidence is unfairly prejudicial if:

> the jury's decision will be based upon improper factors, notably the character and past conduct of the accused, rather than upon the evidence presented on the crime charged. The prejudicial effect of the evidence may be reduced by the manner in which the evidence is introduced, e.g., elimination of inflammatory or unnecessary details from the presentation,

8

and by cautionary instructions from the trial judge.

*Benton*, 637 F.2d at 1057.

Here there is some concern that the introduction of evidence regarding judicial code violations may cause the jury to view the defendant as an unethical judge, who might be more inclined than others to lie to the FBI. This risk will be minimized by the fact that the government's expert will not be testifying that the defendant actually violated the judicial code. The risk can be further reduced by the limiting instruction proposed by the government that would advise the jury that violations of the judicial code do not constitute crimes, and that they may only consider the evidence of such violations as it relates to the defendant's motive. *See United States v. Comer*, 93 F.3d 1271, 1277 (6th Cir. 1996).

The Court finds that, on balance, the probative value of this evidence to establish the defendant's motive outweighs the possible prejudice to the defendant. Therefore, its admission is permissible under Rule 403. The defendant's concern regarding the possibility of a distracting "mini-trial" on the issue of judicial code violations that would distract from the central focus of the case is misplaced because the government must prove that the defendant actually engaged in ex parte conversations, and other potentially unethical conduct, related to the DAS case in order to prove its case-in-chief.[2] As such, the alleged underlying conduct already is a central part of this case.

---

[2] To establish a violation of 18 U.S.C. § 1001, the government must prove that: (1) the statement was material; (2) the defendant acted knowingly and willfully; and (3) the statement pertained to a matter within the jurisdiction of the executive branch of the United States government. Evidence that the defendant lied to an FBI investigator to cover-up possible unethical conduct would tend to show that the defendant acted knowingly and willfully.

**Conclusion**

For all of the foregoing reasons, the defendant's motion to exclude the testimony of the government's expert, Lori Brown, on the subject of the Code of Judicial Conduct and the Ohio Rules of Professional Conduct (Doc. No. 216) is DENIED in part and GRANTED in part. For the reasons set forth above, the government will be permitted to elicit testimony regarding the standards set forth in the Ohio Code of Judicial Conduct and the Ohio Rules of Professional Conduct as they relate to the defendant's actions and conversations regarding cases that she presided over. The government will not be permitted to elicit testimony regarding whether the defendant violated the standards.

**IT IS SO ORDERED**.

Dated: March 22, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**