# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10CR387 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| BRIDGET M. McCAFFERTY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Following a jury trial, Defendant Bridget McCafferty was convicted of ten counts of making false statements to FBI agents during the course of an investigatory interview, in violation of 18 U.S.C. § 1001. On July 14, 2011, the Court denied the defendant's motions for a new trial, acquittal, and arrest of judgment. (*See* Doc. No. 361.) On August 2, 2011, the Court sentenced the defendant to a term of incarceration of 14 months on each of the ten counts, to be served concurrently. At the sentencing hearing, the Court denied the defendant's motion for stay of sentence and continuance of conditions of release pending appeal.

This matter is now before the Court on the defendant's renewed motion for stay of sentence and continuance of conditions of release pending appeal or, alternatively, for a postponement of the date the defendant must report to begin serving her sentence. (Doc. No. 385.) The government opposes the motion (Doc. No. 388), and

the defendant has filed a reply. (Doc. No. 389.) For the reasons set forth below, as well as the reasons set forth in numerous prior Opinions and Orders, the defendant's renewed motion is DENIED.

The terms of the defendant's request for release pending appeal are governed by 18 U.S.C. § 3143(b)(1), which provides:

> the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> > (A)   by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> > (B)   that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> >
> > > (i)  reversal,
> > >
> > > (ii) an order for a new trial,
> > >
> > > (iii) a sentence that does not include a term of imprisonment,
> > >
> > > or
> > >
> > > (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial official makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title […].

This statute creates a presumption against release pending appeal. *United States v. Scherer*, 101 Fed. Appx. 1002, 1003 (6th Cir. 2004) (citing *United States v. Vance*, 851 F.2d 166, 168-69 (6th Cir.), *cert. denied*, 488 U.S. 893 (1988)).

2

The Court finds, and the government does not question, that this defendant is not likely to flee, nor would her release pending appeal pose a risk to the community. As such, the sole issue for the Court on the defendant's renewed motion for a stay of sentence is whether the defendant's appeal raises a substantial issue under the bail statute. The defendant claims that it does, and identifies a number of issues, including: (1) the indictment fails to state an offense under 18 U.S.C. § 1001; (2) the indictment was muliplicitous; (3) the Court erred in excluding a tape recorded conversation between co-conspirators; (4) the Court erred in admitting evidence and expert testimony on the subject of the judicial code; (5) the government violated the defendant's *Brady* rights by not disclosing that a government witness had sought counseling; and (6) the Court erred in admitting a recorded conversation between co-conspirators.

Of course, the "mere identification of issues does not demonstrate that an appeal establishes a substantial question entitling the defendant to release pending appeal under the Bail Reform Act, 18 U.S.C. § 3143(b)(2)." *United States v. Moore*, 1988 WL 63191, at *1 (6th Cir. June 16, 1988) (citing *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985)); *see United States v. Jackson*, 2006 U.S. Dist. LEXIS 50262, at *7-*8 (N.D. Ohio July 24, 2006). Instead, "an appeal raises a substantial question when the appeal presents a 'close question or one that could go either way' and that the question 'is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" *Pollard*, 778 F.2d at 1182 (quoting *United States v. Powell*, 761 F.2d 1227, 1233-34 (8th Cir. 1985)). As the Sixth Circuit has acknowledged in *Pollard* where, as here, "the district court is

3

familiar with the case, the district court is in an excellent position to determine in the first instance whether the defendant raises a substantial question on appeal." *Pollard*, 778 F.2d at 1182.

The merits of each of the defendant's issues have been exhaustively reviewed by the Court and addressed fully in various Opinions and Orders filed before, during, and after the defendant's jury trial (*see* Doc. Nos. 234, 238, 243, 361), and, with one exception, the Court will not revisit its analysis and rulings herein. Suffice to say, none of these issues represent a "close call" which would warrant this Court finding the existence of substantial questions of law or fact to support the defendant's release pending appeal.

The Court finds it necessary, however, to comment on one issue raised by the defendant. In relation to her argument that the Court erred in when it permitted evidence relating to the Ohio Code of Judicial Conduct, the defendant notes that this Court ruled in another recent case that it would not permit evidence relating to the judicial code in a criminal proceeding. That prior case, *United States v. Terry*, Case No. 1:10cr390, is thoroughly distinguishable from the present case. In *Terry,* a sitting common pleas judge, was charged with mail fraud, honest services mail fraud, and conspiracy, in connection with allegations that he had received bribes in exchange for services rendered from the bench.[1] There, the Court found that evidence that the defendant had violated the Ohio Code of Judicial Conduct by engaging in *ex parte* communications with parties and non-parties was somewhat probative of the issue of

---

[1] Specifically, Terry was charged under 18 U.S.C. §§ 1341, 1346, and 1349.

intent to defraud. Nonetheless, the Court ruled that its admission would have been confusing and highly prejudicial inasmuch as the defendant ran the risk of being convicted for violating ethical rules, instead of engaging in a bribery scheme that utilized the federal mail system. (*United States v. Terry,* Case No. 1:10cr390, Doc. No. 55.)

In contract, the defendant, who, at all times relevant to the Supplemental Indictment, was also a common pleas judge, was accused of lying to the FBI, in violation of 18 U.S.C. § 1001. The government offered the testimony of its expert, Lori Brown, as to the impropriety under the judicial code of a judge engaging in *ex parte* communications and the disciplinary consequences of violating certain code provisions to show the defendant's motive for lying to the FBI. It was the government's theory that the defendant lied to the FBI because she feared that she would be disciplined by the Ohio Supreme Court for alleged ethical violations relating to her *ex parte* communications—a theory that was supported at trial by the testimony of the defendant's former bailiff. The Court permitted Brown's testimony (with a limiting instruction) under Fed. R. Evid. 404(b) as evidence of motive because it provided an explanation as to why the defendant may have felt that she could not be truthful during her FBI interview. Thus, the defendant's reliance on the Court's ruling in *Terry* is misplaced.[2] (*See* Doc. Nos. 243, 361 at 18-23.) Because she cannot establish the existence of any substantial questions, the defendant's renewed motion to continue the conditions of her release pending appeal must be denied.

---

[2] With respect to the defendant's multiplicity argument, the Court notes that, in addition to the reasons it set forth in its Opinion and Order (*see* Doc. No. 234), any possible prejudice from any multiplicitous charging was cured at sentencing when all of the convictions were merged under the sentencing guidelines.

Alternatively, the defendant moves to postpone the date in which she must report to prison to spend time with, and provide comfort to, her mother, who is suffering from terminal Alzheimer's disease. The Court is sympathetic to the defendant's family situation, but, unfortunately, "family hardship is not an unordinary consequence of incarceration." *See, generally, United States v Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999) (financial hardship of minor children and illness of the defendant not exceptional reasons to modify bond on appeal). Here, the defendant has failed to demonstrate remorse, and it is clear that she is not her mother's primary caregiver. Consequently, the Court finds that the defendant's mother's illness is not an exceptional circumstance that would justify delaying her reporting date.

For all of the foregoing reasons, the defendant's renewed motion for a continuance of the conditions of release pending appeal, or, in the alternative, for a delay of the date when she must report to begin serving her sentence, is DENIED.

**IT IS SO ORDERED**.

Dated: August 13, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**